1  MANDOUR & ASSOCIATES, APC
2  JOSEPH A. MANDOUR, III (SBN 188896)
   BEN T. LILA (SBN 246808)
3  16870 West Bernardo Drive, Suite 400
4  San Diego, CA 92127
   Telephone:  (858) 487-9300
5  Facsimile: (858) 487-9390
6  Email: jmandour@mandourlaw.com
7  Attorneys for Plaintiff,
   DAVID KNOTT dba UNITED ASSET RECOVERY
8

9
             **UNITED STATES DISTRICT COURT**
10
             **CENTRAL DISTRICT OF CALIFORNIA**
11

12
13  DAVID KNOTT dba UNITED ) **Civil Case No.** 14 CV 02252
14  ASSET RECOVERY, an individual, )
15                                 ) **COMPLAINT FOR FALSE**
                                   ) **DESIGNATION OF ORIGIN,**
16     Plaintiff,                  ) **UNFAIR COMPETITION, AND**
17                                 ) **TRADEMARK INFRINGEMENT**
       v.                          )
18                                 ) **DEMAND FOR JURY TRIAL**
19  UNITED ASSET RECOVERY INC., )
    a California Corporation,      )
20                                 )
21     Defendant.                  )
22                                 )
                                   )
23                                 )
24                                 )

25       Plaintiff DAVID KNOTT dba UNITED ASSET RECOVERY ("plaintiff"
26  or "KNOTT"), by and through its counsel, alleges against defendant UNITED
27  ASSET RECOVERY INC. ("defendant" or "UARI") as follows:
28

## NATURE OF THE ACTION

1. This is an action for false designation of origin under the Lanham Act (15 U.S.C. § 1051, *et seq.*), and trademark infringement and unfair competition under California state and common law.

## THE PARTIES

2. Plaintiff David Knott is an individual doing business as UNITED ASSET RECOVERY with a principle place of business in Carlsbad, California.

3. On information and belief, defendant UNITED ASSET RECOVERY INC. is or purports to be a California corporation having a principle place of business at 6185 Magnolia Avenue, Suite 349, Riverside, California 92506.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction because defendant resides in the Central District of California. Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Central District of California.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to this occurred in this district and defendant resides within the district.

## FACTS

7. David Knott is an individual doing business as UNITED ASSET RECOVERY in conjunction with the recovery of abandoned and unclaimed funds for corporations and individuals throughout the United States and around the world.

8.      Knott is the owner of the trademark and designation UNITED ASSET RECOVERY.  Knott has used the UNITED ASSET RECOVERY trademark and designation throughout the United States in interstate commerce in conjunction with asset recovery services since at least as early as October 13, 2005.  As such, Knott has established priority of use.  The UNITED ASSET RECOVERY trademark and designation is inherently distinctive and recognized by the relevant consuming public as plaintiff's trademark.

9.      Knott is the owner of U.S. Trademark Serial Nos. 86/115,308 and 86/130,785 for UNITED ASSET RECOVERY and UNITED ASSET RECOVERY (+Design) respectively.

10.     Knott has used the UNITED ASSET RECOVERY trademarks in a variety of media including print and Internet advertisements.  An exemplary use of the plaintiff's UNITED ASSET RECOVERY trademark is shown in **Exhibit A** attached hereto.

11.     Defendant UARI is also in the business of asset recovery in the same channels of trade as plaintiff.  Defendant has adopted the identical and/or confusingly similar trademarks UNITED ASSET RECOVERY and UNITED ASSET RECOVERY INC.  Exemplary uses by defendant are shown in **Exhibit B** attached hereto.

12.     On information and belief, defendant's unlawful use of the UNITED ASSET RECOVERY trademark has caused actual confusion amongst consumers and initial interest confusion as to the origin of their respective products and services.

13.     On information and belief, defendant has adopted the designation UNITED ASSET RECOVERY and UNITED ASSET RECOVERY INC. as a willful attempt to piggyback off of plaintiff's goodwill and reputation in the business of asset recovery, and to divert business away from plaintiff and to defendant.

14. Plaintiff invests substantial sums producing his goods and services and in marketing his UNITED ASSET RECOVERY trademark. Plaintiff has established substantial goodwill and brand recognition with the consuming public.

15. Moreover, on information and belief, defendant's services are inferior to plaintiff's services resulting in consumer confusion as to the quality as well as source of plaintiff's services.

16. Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from defendant's unlawful and willful acts. Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued activity.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (False Designation of Origin - 15 U.S.C. § 1125(a))

17. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

18. Defendant's use of plaintiff's UNITED ASSET RECOVERY designation has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services.

19. By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods, services and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's services and commercial activities.

20. On information and belief, defendant willfully and intentionally

adopted and used designations confusingly similar to plaintiff's UNITED ASSET RECOVERY trademark to steal plaintiff's goodwill.

21. By reason of the foregoing unlawful acts recited in the paragraphs above, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased (up to treble) damages and attorneys' fees, are imposed by this court against defendant.

### Second Claim for Relief
### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

22. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 21 of the complaint as though fully set forth herein.

23. Defendant's acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of plaintiff as previously alleged.

### Third Claim for Relief
### (Common Law Trademark Infringement)

24. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 23 of the complaint as though fully set forth herein.

25. Defendant's acts as set forth herein constitute trademark infringement as defined by California common law, all to the damage of plaintiff as previously alleged.

### Fourth Claim for Relief
### (Common Law Unfair Competition)

26. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 25 of the complaint as though fully set forth herein.

27. Defendant's acts, as set forth above, constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff asks that this Court grant judgment against defendant for the following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

    i. infringing plaintiff's trademarks;

    ii. using any designation confusingly similar to plaintiff, including without limitation, UNITED ASSET RECOVERY and UNITED ASSET RECOVERY INC.;

    iii. competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and

    iv. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B. Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraph (A) above.

C. Plaintiff recovers all damages he has sustained as a result of defendant's infringement, false designation of origin and unfair competition.

D. Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E. An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the

circumstances of this case.

F. Plaintiff be awarded his reasonable attorneys' fees for prosecuting this action.

G. Plaintiff recovers his costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H. Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I. Plaintiff be awarded punitive damages pursuant to, *inter alia*, California common law, Business and Professions Code § 14250, and any other relevant statute.

J. Plaintiff receive all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: November 3, 2014     MANDOUR & ASSOCIATES, APC

    /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Attorneys for plaintiff,
DAVID KNOTT
dba UNITED ASSET RECOVERY

**EXHIBIT A**




EXHIBIT A

**EXHIBIT B**

**United Asset Recovery Inc.**
6185 Magnolia Ave. Ste. #349
Riverside CA, 92506
888-405-1189 ph / 888-316-2217 fax